Case 4:19-cv-02234   Document 27   Filed on 05/04/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
May 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRYAN ARDOIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-2234 |
| § | |
| JUAN OBREGON, *et al*, § | |
| § | |
| Defendants. § | |

# ORDER

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Juan Obregon ("Obregon") and the City of Port Lavaca ("the city") (collectively "Defendants"). The motion (Dkt. 11) is **GRANTED IN PART AND DENIED IN PART**.

In his response to Defendants' motion, the plaintiff, Bryan Ardoin ("Ardoin"), does not mention 42 U.S.C. § 1985 or 42 U.S.C. § 1986 (Dkt. 18). In his live pleading, Ardoin only mentions those two statutes once apiece without elaboration (Dkt. 9 at p. 3); and Ardoin does not list either statute among his claims for relief. Section 1985 creates a private civil remedy for conspiracies to interfere with civil rights, including conspiracies to prevent federal officers from performing the duties of their offices by force, intimidation, or threat; conspiracies directed at the right of participation in federal judicial proceedings; conspiracies to deprive any person or class of persons of the equal protection of the laws; and conspiracies aimed at preventing a person from lawfully voting. *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 149 (5th Cir.

2010). Ardoin cites no facts supporting any claim under Section 1985 and seems to have included a mention of Section 1985 by mistake. The Court will dismiss the Section 1985 claim, and with it the Section 1986 claim, which requires a valid Section 1985 claim to be viable. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000).

In his response to Defendants' motion, Ardoin also concedes that, under the election-of-remedies provisions of the Texas Tort Claims Act, his claims under Texas law against Obregon must be dismissed on the city's motion (Dkt. 18 at p. 9). *See* Tex. Civ. Prac. & Rem. Code § 101.106(e). The Court will dismiss Ardoin's claims under Texas law to the extent that they are brought against Obregon. Ardoin's claims under Texas law against the city remain.

In short, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Obregon and the city (Dkt. 11) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks dismissal of: (1) Ardoin's claims under 42 U.S.C. § 1985; (2) Ardoin's claims under 42 U.S.C. § 1986; and (3) Ardoin's claims under Texas law against Obregon. The motion is otherwise **DENIED**.

SIGNED at Houston, Texas, this 4th day of May, 2020.

_George C. Hanks Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE